UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY M. GANOE,<br><br>          Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br><br>          Defendant. | Case No.: 19cv360-CAB-NLS<br><br>**ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT [Doc. Nos. 17, 20]** |

Pending before the Court are cross motions for summary judgment. [Doc. Nos. 17 and 20.] For the reasons set forth below, Plaintiff's motion for summary judgment [Doc. No. 17] is **DENIED**, and Defendant's motion for summary judgment [Doc. No. 20] is **GRANTED**.

PROCEDURAL BACKGROUND

Plaintiff appeals the denial of her December 9, 2015 application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the "Act") (Transcript of Certified Administrative Record (AR) 70, 157). The Commissioner denied the application initially and on reconsideration (AR 87–95, 312–15). Plaintiff requested a hearing before an administrative law judge (ALJ), and the ALJ heard Plaintiff's case on December 21, 2017 (AR 29). Plaintiff, her attorney, and a vocational expert appeared, with Plaintiff and the vocational expert

1

testifying (AR 29–30). In a March 26, 2018 decision, the ALJ found Plaintiff did not meet the Act's strict eligibility requirements (AR 15–24). On January 7, 2019, the Appeals Council declined further review, and the ALJ's decision became the final of the Commissioner (AR 1–3). Plaintiff seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. section 405(g) and 20 C.F.R. section 404.981.

## ALJ DECISION

The ALJ used the five-step sequential evaluation process to guide the decision. 20 C.F.R. § 416.920. The ALJ agreed that Plaintiff did not engage in substantial gainful activity since October 2, 2014. AR 17, ¶ 2. The ALJ found that Plaintiff has the following severe impairments: traumatic brain injury, migraine, and depressive disorder. AR 17, ¶3. The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: she should avoid concentrated exposure to noise and to hazards such as moving machinery and unprotected heights; and that Plaintiff is limited to understanding, remembering, and carrying out simple, routine, and repetitive tasks, with standard industry work breaks every two hours. AR 19, ¶5. Finally, the ALJ found that, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. AR 23, ¶10.

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), courts review the ALJ's decision to determine whether substantial evidence supports the ALJ's findings and if they are free of legal error. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir.1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards). Substantial evidence means " 'more than a mere scintilla,' but less than a preponderance." *Saelee v. Chater*, 94 F.3d 520, 521–22 (9th Cir.1996) (*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401, 91 S.Ct. 1420 (internal quotation marks and citation omitted).

When looking for substantial evidence, courts must review the record as a whole and consider adverse as well as supporting evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.' " *Robbins*, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989)); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.2007).

A claimant is "disabled" as defined by the Social Security Act if: (1) "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 1382c(a)(3)(A)-(B) (West 2004); *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir.2012).

To determine whether a claimant is disabled, an ALJ engages in a five-step sequential analysis as required under 20 C.F.R. sections 404.1520(a)(4)(i)-(v). Specifically under step five, which is at issue here, a claimant is disabled unless the Commissioner meets her burden and shows that there exist a significant number of jobs in the national economy that claimant can do. 20 C.F.R. §§ 416.920(a)(4)(v),(g); 416.960(c); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999) (the Commissioner bears the burden of showing the existence of significant jobs). Significant jobs in the "national economy" must exist either "in the region where such individual lives or in several regions in the country." 42 U.S.C. § 423(d)(2)(A). There is no bright-

line rule for determining how many jobs are "significant" under step five in the Ninth Circuit, although "a comparison to other cases is instructive." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir.2012). Moreover, there must be more than a few "scattered", "isolated" or "very rare" jobs available. *Walker v. Mathews*, 546 F.2d 814, 820 (9th Cir.1976); *see also Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir.2014). Finally, even if there are not sufficient jobs in the regional economy, courts must still look to the availability of those jobs across several regions in the national economy. *Gutierrez*, 740 F.3d at 528.

## DISCUSSION

The ALJ concluded that while the record supported limitations in mental functioning, it did not support the disabling degree of limitations Plaintiff alleged. AR 21. Plaintiff argues the ALJ committed error when he failed to state clear and convincing reasons to reject Plaintiff's testimony regarding the disabling degree of limitations. [Doc. No. 17-1 at 7.]

When assessing a claimant's credibility regarding subjective pain or intensity of symptoms, the ALJ must engage in a two-step analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine if there is medical evidence of an impairment that could reasonably produce the symptoms alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id*. (emphasis in original) (citation omitted). "Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*. (citation omitted).

If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony about the symptom severity. *Trevizo*, 871 F.3d at 678 (citation omitted); *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("[T]he ALJ may reject the

4

claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so."); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (citation omitted).

In discrediting the claimant's subjective symptom testimony, the ALJ may consider the following:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation omitted).

Inconsistencies between a claimant's testimony and conduct, or internal contradictions in the claimant's testimony, also may be relevant. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). In addition, the ALJ may consider the observations of treating and examining physicians regarding, among other matters, the functional restrictions caused by the claimant's symptoms. *Smolen*, 80 F.3d at 1284; *accord Burrell*, 775 F.3d at 1137. However, it is improper for an ALJ to reject subjective testimony based "solely" on its inconsistencies with the objective medical evidence presented. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1227 (9th Cir. 2009) (citation omitted).

Further, the ALJ must make a credibility determination with findings that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008) (citation omitted); *see Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015)

("A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.") (citation omitted). Although an ALJ's interpretation of a claimant's testimony may not be the only reasonable one, if it is supported by substantial evidence, "it is not [the court's] role to second-guess it." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the ALJ gave specific and legitimate reasons as to why the medical evidence did not adequately corroborate Plaintiff's allegations. AR 20-21. For example, Plaintiff alleged that she could not work due to difficulties in speech, memory, task completion, concentration, understanding, and following instructions. AR 20,189. The ALJ acknowledged there was some medical evidence showing impaired short-term memory, attention, and concentration. AR 21, 222, 224, 226. However, the same medical evidence also showed intact language, intact recent and remote memory, and normal fund of knowledge. *Id*. In addition, the ALJ also noted that Plaintiff's comprehensive mental-status evaluation on March 22, 2016 showed normal speech; linear, logical, and reasonably organized thought processes; and intact reasoning, understanding, attention, concentration, and recent and remote memory. AR 21, 277-84. Finally, the ALJ pointed to later records showing improved levels of functioning. AR 21, 222, 277-84.

With regard to cognitive functioning, the ALJ again pointed to specific and legitimate evidence as to why the medical evidence did not support Plaintiff's allegations of disabling social limitations. AR 21. For example, although Plaintiff claimed she had difficulty getting along with others, the ALJ noted that she was cooperative and compliant at her mental-status examination, "[r]apport was easily and adequately established," and her "social skills appear[ed] adequate and functional for typical engagement." AR 21, 189, 278, 253, 257.

The ALJ also pointed to evidence of Plaintiff's activities of daily living to show that her allegations of limitation were not credible. AR 18, 20, 22. For example, the ALJ

6

noted that, while Plaintiff alleged she had difficulty getting along with others, she was able to engage in activities of daily living requiring social interactions such as participating in bible studies, going to the gym, going out for meals, and going shopping. [AR 18, 20, 22, 187-88.] The ALJ also noted that Plaintiff engaged in a range of activities of daily living requiring memory and concentration, such as driving, preparing meals, performing household chores, maintaining her personal care independently, grocery shopping, and gardening. [AR 18, 20, 22, 185-87.] In sum, the ALJ has given specific and legitimate reasons for discrediting Plaintiff's allegations of disabling social limitations, and it is not this Court's role to "second guess" the ALJ's reasonable interpretation. *Rollins*, 261 F.3d at 857.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is **DENIED**, and Defendant's motion for summary judgment is **GRANTED**. The Clerk of the Court shall **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: November 25, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge